UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

NATHAN McBRAYER
400 N. Broadway, Suite 301
Milwaukee, WI 53202,

       Plaintiff,

v.

CENTRE LANE PARTNERS, LLC
60 E. 42nd Street
New York, NY 10165,

       Defendant.

Case No.:

# AMENDED COMPLAINT

Plaintiff, Nathan McBrayer ("McBrayer"), through his attorneys, states for his Amended Complaint against Centre Lane Partners, LLC ("Centre Lane") as follows:

## INTRODUCTION

1. This is an action to invalidate overbroad and unenforceable post-employment restrictive covenants in a contract between Centre Lane and McBrayer – a Wisconsin resident and worker. The restrictions are overbroad and unenforceable, and purport to restrict McBrayer's post-employment activities in violation of Wisconsin law.

## PARTIES

2. McBrayer is a Wisconsin resident whose address is 400 N. Broadway, Suite 301, Milwaukee, Wisconsin. McBrayer has lived and worked in Wisconsin at all times relevant to this lawsuit, including when he began employment with Centre Lane, when his employment with Centre Lane ended, and when he signed all relevant agreements with Centre Lane.

1

3. Centre Lane is a New York limited liability company with its principal place of business at 60 E. 42nd Street, Suite 1250, New York, New York. Its member-owners are, on information and belief, Quinn Morgan and Ken Lau, who are residents of the State of New York, and it has no member-owners that are citizens of the State of Wisconsin. Its registered agent's name is Corporation Service Company located at 80 State Street, Albany, New York, 12207. Centre Lane Partners is a private investment firm focused on making credit and equity, control and non-control, investments in North American middle market companies.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. Section 1332, as the amount in controversy is more than $75,000, exclusive of interest and attorneys' fees, and there is complete diversity of citizenship between McBrayer (Wisconsin), the plaintiff, and Centre Lane (New York, with no members that are citizens of Wisconsin), the defendant.

5. Venue is proper in this District pursuant to 28 U.S.C. Section 1391, because a substantial portion of the events and omissions giving rise to this claim arose in this District.

## FACTUAL BACKGROUND

6. On or about September 29, 2017, Centre Lane offered McBrayer a position as Vice President of its Portfolio Operations Team.

7. The terms and conditions of McBrayer's employment with Centre Lane are set forth in the offer letter which McBrayer signed and accepted in Wisconsin.

8. At the same time McBrayer signed and accepted the offer letter, he was presented with a "Confidentiality, Non-Compete, and Non-Solicit Agreement" (the "Noncompete Agreement"), which he also signed in Wisconsin.

9. McBrayer and his family resided in the State of Wisconsin at the time he signed the Noncompete Agreement.

10. McBrayer had lived and worked in Wisconsin before and during his employment with Centre Lane.

11. McBrayer has a valid Wisconsin driver's license and pays income taxes in Wisconsin.

12. Centre Lane knew McBrayer lived and worked in Wisconsin, and that he would continue to do so, when it hired and contracted with him.

13. McBrayer's duties as Vice President of Centre Lane's Portfolio Operations Team included, but were not limited to, the operational support and diligence for Centre Lane's portfolio companies, and working closely with its investment team.

14. McBrayer lived in Wisconsin throughout his Centre Lane's employment and although McBrayer often commuted to Texas for work, he also routinely worked in Wisconsin on Fridays and weekends. Centre Lane always understood and was aware that McBrayer was located in Wisconsin.

15. The Noncompete Agreement purports to impose post-employment restrictions on McBrayer, and allows Centre Lane to interfere with his post-employment activities:

    a. The confidential restriction in Paragraph 1 seeks to restrict McBrayer, *ad perpetuam*, from disclosing or otherwise using any confidential information or trade secrets;

    b. The non-competition restriction in Paragraph 2 seeks to enjoin McBrayer from "directly or indirectly being employed or acting as a consultant to….any other business or organization….in any market where the Company has a direct presence" for a period of time ranging from three (3) months to six (6) months based on Centre Lane's "sole discretion";

    c. The customer and employee non-solicitation restrictions in Paragraph 3

3

purport to bar McBrayer from soliciting any of Centre Lane's current customers or prospective (potential) customers, or any of its employees after the end of his employment with Centre Lane.

16. The post-employment restrictions in the Noncompete Agreement are overbroad, invalid, and unenforceable under Wisconsin law.

17. In addition, the Noncompete Agreement signed by McBrayer includes a New York choice of law provision and purports to require litigation in a New York forum.

18. On September 23, McBrayer resigned his employment from Centre Lane.

19. McBrayer intends to seek new employment utilizing his skills and marketability and has an offer to consult with a new company.

20. The Noncompete Agreement presents an impediment to his post-employment activities in the marketplace, and he therefore needs an expedition declaration of his rights and obligations thereunder.

## COUNT I – DECLARATORY JUDGMENT
## (28 U.S.C. § 2201)

21. McBrayer realleges and incorporates by reference the allegations of the foregoing paragraphs.

22. As a Wisconsin resident and worker, McBrayer is entitled to the protections of Wisconsin law with regard to his post-employment covenants, including under Section 103.465, Wis. Stats., regardless of the fact that Centre Lane is a foreign company.

23. The post-employment restrictions in the Noncompete Agreement are overbroad, violative of Wisconsin law, and unenforceable under Wisconsin law.

24. The Noncompete Agreement's choice of New York law and New York forum are unreasonable and unenforceable against McBrayer, as New York law allows for "blue penciling"

of noncompete agreement. *See Beilfuss v. Huffy Corp.*, 2004 WI App 118, ¶ 15, 274 Wis.2d 500, 508–09, 685 N.W.2d 373, 377 (Wis.Ct.App.2004) (invalidating Ohio choice of law and forum clause); *Schetter v. Newcomer Funeral Homes*, 191 F. Supp. 3d 959, 961-962 (E.D. Wis. 2016) (invalidating Kansas choice of law).

25. An actual dispute exists between the parties on the enforceability of the post-employment covenants in the Noncompete Agreement.

26. Thus, McBrayer is entitled to a declaration that those post-employment restrictive covenants are unenforceable.

27. McBrayer further requests a "speedy hearing" of this declaratory judgment action pursuant to Fed. R. Civ. P. 57.

## COUNT II – INJUNCTIVE RELIEF

28. McBrayer realleges and incorporates by reference the allegations of the foregoing paragraphs.

29. As a Wisconsin resident and worker, McBrayer is attempting to make a living in the marketplace. As such, he has a right to offer and market his services and expertise, and to provide a living for himself and his family, without being unreasonably restrained from doing so by Centre Lane.

30. Actions by Centre Lane's to enforce Noncompete Agreement's post-employment restrictive covenants will actually and irreparably impede McBrayer's ability to validly compete in the marketplace.

31. Absent a temporary restraining order and preliminary injunction, as well as permanent injunctive relief, McBrayer will be actually and irreparably harmed by Centre Lane's enforcement of the Noncompete Agreement.

32. Thus, McBrayer is entitled to a preliminary and permanent injunction prohibiting

Centre Lane from enforcing the overbroad and unenforceable post-employment restrictive covenants in the Agreement.

WHEREFORE, McBrayer requests that this Court enter Judgment:

(1) Declaring, pursuant to 28 U.S.C. § 2201, the post-restrictive covenants in the Noncompete Agreement unenforceable, and doing so pursuant to a "speedy hearing" as authorized by Fed. R. Civ. P. 57;

(2) Preliminarily and permanently enjoining Centre Lane, and anyone acting in concert with it, from attempting to enforce the post-restrictive covenants in the Noncompete Agreement;

(3) For his costs, including all reasonable attorneys' fees, incurred in this matter; and

(4) For all further relief to which he is legally or equitably entitled, or which this Court otherwise deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated this 23rd day of September, 2019.

        Respectfully submitted,

        SORRENTINO BURKERT RISCH LLC

        *s/ Michael D. Huitink*
        Michael D. Huitink
        Wisconsin State Bar No. 1034742
        Carlos R. Pastrana
        Wisconsin State Bar No. 1088286
        *Attorneys for Plaintiff, Nathan McBrayer*

**CONTACT INFORMATION:**
675 N. Barker Road, Suite 300
Brookfield, WI 53045
Phone: 262-513-3315
Fax: 262-513-3318
Email: mhutink@sbrlaw.us
Email: cpastrana@sbrlaw.us